1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ANN MARIE REDING (CSBN 226864)
   Assistant United States Attorney
4
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102-3495
   Telephone: (415) 436-6813
6  FAX: (415) 436-4378
   annie.reding@usdoj.gov
7
   Attorneys for Defendant
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12
   DOUGLAS W. JAMES, JR.,              )     No. C 11-2552 MEJ
13                                      )
          Plaintiff,                    )     **STIPULATION FOR COMPROMISE
14                                      )     SETTLEMENT AND RELEASE;
       v.                               )     [PROPOSED] ORDER**
15                                      )
   UNITED STATES OF AMERICA (United     )
16  States of the Interior-San Francisco )
   Maritime National Historical Park),  )
17                                      )
          Defendant.                    )
18  _____   )

19        It is hereby stipulated by and between the undersigned Plaintiff Douglas W. James, Jr.

20  ("Plaintiff") and the UNITED STATES OF AMERICA, by and through their respective

21  attorneys, as follows:

22        WHEREAS, Plaintiff filed the above-captioned action on May 26, 2011 alleging that on

23  April 28, 2010, he fell off of his bicycle while riding along the promenade in Aquatic Park,

24  which is part of the San Francisco Maritime National Historic Park.

25        WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and

26  to settle and compromise fully any and all claims and issues that have been raised, or could have

27  been raised in this action, which have transpired prior to the execution of this Settlement

28  Agreement ("Agreement").

1    NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement,

2    and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties

3    agree as follows:

4        1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and

5    compromise each and every claim of any kind, whether known or unknown, arising directly or

6    indirectly from the acts or omissions that gave rise to the above-captioned action under the terms

7    and conditions set forth in this Agreement.

8        2. **Definition of "United States of America."** As used in this Agreement, the United States

9    of America shall include its current and former agents, servants, employees, and attorneys, as

10   well as the Department of Interior, and/or its current and former agents, servants, employees, and

11   attorneys.

12       3. **Settlement Amount**. The United States of America agrees to pay the sum of fifty-~~five~~ five

13   thousand dollars (~~$50,000~~ $55,000) ("Settlement Amount"), which sum shall be in full settlement and

14   satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and

15   nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen

16   personal injuries, damage to property and the consequences thereof, resulting, and to result, from

17   the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff

18   or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may

19   hereafter acquire against the United States of America.

20       4. **Release**. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby

21   agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims,

22   demands, rights, and causes of action of whatsoever kind and nature, including claims for

23   wrongful death, arising from, and by reason of any and all known and unknown, foreseen and

24   unforeseen personal injuries, damage to property and the consequences thereof which they may

25   have or hereafter acquire against the United States of America on account of the same subject

26   matter that gave rise to the above-captioned action, including any future claim or lawsuit of any

27   kind or type whatsoever, whether known or unknown, and whether for compensatory or

28   exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators or assigns

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED] ORDER
C 11-2552 MEJ                                          2

further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or

1    suspect to exist in his or her favor at the time of executing the release, which if
2    known by him or her must have materially affected his or her settlement with the
     debtor."

3    Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by her

4    attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and

5    all rights he may have pursuant to the provision of that statute and any similar provision of

6    federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability

7    of the government for damages pertaining thereto are found hereinafter to be other than or

8    different from the facts now believed by them to be true, the Agreement shall be and remain

9    effective notwithstanding such material difference.

10   11. **Payment by Check**. Payment of the Settlement Amount will be made by check drawn
11   on the Treasury of the United States for fifty~~,~~ five thousand dollars ($~~50,000~~ 55,000 AR W) and made payable to
12   ~~Douglas W. James, Jr., Plaintiff, and Rey Hassan, Plaintiff's attorney~~ Rey Hassan Law Firm. The check will be mailed

13   to Plaintiff's attorney at the following address: Hassan law Firm, 1801 Bush Street, #213, San

14   Francisco, California 94109. Plaintiff's attorney agrees to distribute the settlement proceeds to

15   the Plaintiff. Plaintiff and his attorney have been informed that payment of the Settlement

16   Amount may take sixty (60) days or more from the date that the Court "so orders" this

17   Agreement to process.

18   11. **Payment by Electronic Funds Transfer**. Payment of the settlement amount shall be

19   deposited by electronic fund transfer to the bank account Plaintiff shall designate in an Electronic

20   Funds Transfer enrollment form the Plaintiff will provide to the undersigned Assistant United

21   States Attorney within five days of executing this Agreement. Plaintiff's attorney agrees to

22   distribute the settlement proceeds to the Plaintiff. Plaintiff and his attorney have been informed

23   that payment of the Settlement Amount may take sixty (60) days or more from the date that the

24   Court "so orders" this Agreement to process.

25   12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or

26   Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel

27   shall be solely responsible for paying any such determined liability from any government agency.

28   Nothing in this Agreement constitutes an agreement by the United States of America concerning

1    the characterization of the Settlement Amount for the purposes of the Internal Revenue Code,
2    Title 26 of the United States Code.

3        13. **Construction**. Each party hereby stipulates that it has been represented by and has relied
4    upon independent counsel in the negotiations for the preparation of this Agreement, that it has
5    had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and
6    understands all of the terms of the Agreement and the legal consequences thereof. For purposes
7    of construction, this Agreement shall be deemed to have been drafted by all Parties to this
8    Agreement and shall not, therefore, be construed against any Party for that reason in any
9    subsequent dispute.

10       14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or
11   unenforceable, the validity, legality, and enforceability of the remaining provision shall not in
12   any way be affected or impaired thereby.

13   ///
14   ///
15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED] ORDER
C 11-2552 MEJ                                          5

1       15. **Integration**.  This instrument shall constitute the entire Agreement between the parties,

2   and it is expressly understood and agreed that the Agreement has been freely and voluntarily

3   entered into by the parties hereto with the advice of counsel, who have explained the legal effect

4   of this Agreement.  The parties further acknowledge that no warranties or representations have

5   been made on any subject other than as set forth in this Agreement.  This Agreement may not be

6   altered, modified or otherwise changed in any respect except by writing, duly executed by all of

7   the parties or their authorized representatives.

8

9   DATED: March 26, 2012

    Plaintiff Douglas W. James, Jr.

10

11  DATED: March 26, 2012

    Rey Hassan

12      Plaintiff's Attorney

13  DATED: March 26, 2012

    Ann Marie Reding

14      Assistant United States Attorney
    Attorney for Defendant

15      PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17  Dated: _____ March 30, 2012 _____

    HON. MARIA-ELENA JAMES

18      United States Chief Magistrate Judge

19

20

21

22

23

24

25

26

27

28